IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MICHAEL JAMES CARSON, § | |
| No. 2250040, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | NO. 4:24-CV-186-O |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the petition of Michael James Carson under 28 U.S.C. § 2254 for writ of habeas corpus. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DENIED**.

**I.     BACKGROUND**

Petitioner is serving a fifty-year term of imprisonment imposed following his conviction under Case No. CR20449 in the 271st District Court, Wise County, Texas, for possession of a controlled substance, namely gamma hydroxybutyric acid ("GHB"), in an amount of two hundred grams or more, enhanced to habitual status based on his prior felony convictions. ECF No. 26-29 at 29–31. His conviction was affirmed on appeal. *Carson v. State*, No. 02-19-00091-CR, 2020 WL 2202331 (Tex. App.—Fort Worth May 7, 2020, pet. ref'd). Through his first state habeas petition, he was granted leave to file an out-of-time petition for discretionary review, ECF No. 26-18, but the petition was denied. *Carson*, 2022 WL 2202331. Petitioner's second state habeas petition was dismissed as noncompliant. ECF No. 26-30. His third petition, ECF No. 26-42 at 107–22,[1] was

---

[1] The page references to the state habeas application are to "Page __ of 201" reflected at the top right portion of the document on the Court's electronic filing system.

denied without written order. ECF No. 26-36.

## II.   GROUNDS OF THE PETITION

Petitioner asserts five grounds in support of his petition. ECF No. 1. They are:

(1) The trial court violated his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), by allowing the jury to consider incriminating statements without proper instruction.

(2) The state failed to establish probable cause for searching the trunk of the vehicle where Petitioner's backpack containing the drugs was found.

(3) Officer Brown prolonged the traffic stop in violation of Due Process without articulating probable cause.

(4) Officer Brown exceeded the scope of his authority to search the vehicle.

(5) Petitioner received ineffective assistance because his trial counsel failed to conduct discovery and file motions to suppress evidence.

## III.   APPLICABLE LEGAL STANDARDS

### A.   Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question

of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (en banc) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

    **B.**    **Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.     ANALYSIS

Briefly, the facts giving rise to Petitioner's conviction are that on January 16, 2017, he was driving a car with a broken stop lamp at about 2:15 a.m. Officer Brody Brown stopped the car, which contained Petitioner and two passengers. One of the passengers, Shawn Ingram, informed Officer Brown that he had an outstanding warrant for a parole violation and that he had a syringe in his pocket. Officer Brown saw a crystalline residue around the tip of the syringe, which he knew to be consistent with intravenous methamphetamine use.[2] Officer Brown believed that he had probable cause to search the vehicle. Before doing so, he asked the passengers to identify which items belonged to each of them. Petitioner identified a black backpack in the trunk as belonging to him. Officer Brown opened the backpack and found two bottles containing a viscous liquid that he believed to be, and was, GHB. He arrested Petitioner. *Carson*, 2020 WL 2202331, at *1.

In his first ground, Petitioner alleges that his right against self-incrimination was violated when "un-mirandized incriminating statements" were heard by the jury. ECF No. 1 at 5.[3] Nowhere in the petition or his supporting memorandum does Petitioner identify the particular statements. ECF Nos. 1, 17. Presumably, he is referring to his statement that the backpack in which the drugs were found belonged to him. This issue was raised on appeal and determined to be without merit. *Carson*, 2020 WL 2202331, at *2–4. The appellate court concluded that based on all the objective circumstances, a reasonable person in Petitioner's position would not have perceived that he was being restrained at the time he stated that the backpack belonged to him. *Id.* at *4. "He was not in custody, and his first set of incriminating statements is not subject to exclusion for want of *Miranda* warnings." *Id.* The other custodial statements were never brought before the jury so there was nothing about which to complain. *Id.* Petitioner has failed to show that this was an unreasonable application of, or contrary to, clearly established law as determined by the Supreme Court.

Petitioner's second, third, and fourth grounds pertain to the alleged lack of probable cause to search the trunk of the car where the drugs were found in Petitioner's backpack. ECF No. 1 at 7, 8, 10; ECF No. 17 at 7–19. He seems to be of the belief that the State had to prove "beyond a reasonable doubt that the syringe contained any controlled substance" before a search of the

---

[2] Ingram admitted drug use to Officer Brown. ECF No. 26-2 at 145, 201, 204–05.
[3] The page references to the petition are to "Page __ of 19" reflected at the top right portion of the document on the Court's electronic filing system.

vehicle could be justified. ECF No. 17 at 15.[4] These grounds, however, are barred by *Stone v. Powell*, 428 U.S. 465 (1976). Federal courts do not have authority to review a state court's application of Fourth Amendment principles in habeas proceedings if the petitioner had a full and fair opportunity to litigate those claims in state court. *Stone*, 428 U.S. at 494. Petitioner raised these grounds in his state habeas application. ECF No. 26-42 at 114–17. The petition was denied. ECF No. 26-36. He is not entitled to pursue these grounds here.[5]

In his final ground, Petitioner argues that he received ineffective assistance because his counsel failed to conduct any discovery or investigation and failed to file motions before trial. ECF No. 1 at 16; ECF No. 7 at 19–25. He made these allegations on appeal and the appellate court denied relief. *Carson*, 2020 WL 2202331, at *4–*7. His petition for discretionary review was denied. *Carson*, 2022 WL 2202331. In addition, he raised this ground in his state habeas application, ECF No. 26-42 at 118–19, which was denied. ECF No. 26-36. Applying the doubly-deferential standards of both *Strickland* and § 2254(d), *Cullen*, 563 U.S. at 190, the Court cannot find that Petitioner has met his burden to show that he is entitled to relief.[6]

## V.   CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the petition.

---

[4] The page number references to the brief are to "Page __ of 32" reflected at the top right portion of the document on the Court's electronic filing system.

[5] The Court notes that whether the syringe actually contained methamphetamine is irrelevant to the validity of the search. *See, e.g.*, *United States v. Ortiz*, 781 F.3d 221, 229 (5th Cir. 2015) (police may search a vehicle without warrant if they have probable cause to believe that the vehicle contains contraband); *United States v. Edwards,* 577 F.2d 883, 895 (5th Cir. 1978) (en banc) ("probable cause to search an automobile exists when trustworthy facts and circumstances within the officer's personal knowledge would cause a reasonably prudent man to believe that the vehicle contains contraband"). *See also Wyoming v. Houghton*, 526 U.S. 295, 301 (1999) (if probable cause justifies the search of a vehicle, it justifies the search of every part of the vehicle).

[6] The State has adequately addressed this ground and the Court need not repeat its arguments. ECF No. 25 at 15–21.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **19th day** of **August, 2024**.

_Reed O'Connor_
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**